IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| United States of America,<br><br>           Plaintiff,<br><br>vs.<br><br>Alejandro Zavala Fernandez,<br><br>           Defendant. | Case Nos. 1:20-cr-00161 |

ORDER DENYING MOTION TO REDUCE SENTENCE

**INTRODUCTION**

[¶1] THIS MATTER comes before the Court on a Motion to Reduce Sentence filed by the Defendant on December 18, 2024. Doc. No. 89. The Federal Public Defender's Office was appointed to represent the Defendant. Defense Counsel filed a Notice of Intent Not to Supplement the Defendant's Motion on December 20, 2024. Doc. No. 90. The United States filed a Response on January 2, 2025. The Defendant did not file a Reply. For the reasons set forth below, the Motion is **DENIED**.

**DISCUSSION**

[¶2] The Defendant seeks a reduction of his sentence based upon Amendment 821 to the United States Sentencing Guidelines which went into effect on November 1, 2023. Pursuant to 18 U.S.C. § 3582(c)(2), a defendant may seek a sentence reduction if he has "been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission[.]"

[¶3] In Part A to Amendment 821, the United States Sentencing Commission made changes to the "status points" provision which are criminal history points added when a defendant committed

the instant offense while under another criminal justice sentence. The Presentence Investigation Report gave the Defendant four (4) criminal history points before adding two (2) additional status points under Part A to Amendment 821. Doc. No. 71, ¶¶ 38–39. Under Part A as applied to the Defendant, he would now receive zero (0) status points. However, his criminal history category III status would remain the same because he would nevertheless still have four (4) criminal history points.

[¶4]    In Part B, Subpart 1 to Amendment 821, the Sentencing Commission created a two-level reduction in the total offense level for defendants receiving zero criminal history points and whose offense did not involve certain criteria. Likewise, this change would not affect the Defendant's guideline range because he received four (4) criminal history point and would not be considered a "zero-point" offender under USSG § 4C1.1. Id.

[¶5]    The Defendant also asks the Court to reduce his sentence based on (1) First Step Act credits and (2) a "methamphetamine disparity issue." Doc. No. 89. As to the First Step Act credits, that issue is within the authority of the Bureau of Prisons and the Defendant has not shown he has exhausted his administrative remedies. See United States v. Pardue, 363 F.3d 695, 699 (8th Cir. 2004) (holding the calculation of credit for time served is "properly left to the Bureau of Prisons").

[¶6]    As to the methamphetamine disparity claim, this issue must be brought under 28 U.S.C. § 2255. For purposes of this Order, the Court construes this as such a motion and concludes it is untimely. Relevant here, Defendants have one year to bring a motion to vacate their sentence pursuant to Section 2255 from the date the Defendant's conviction became final. 28 U.S.C. Section 2255(f)(1). The Judgment was entered on December 20, 2021. No appeal was filed. The Defendant's conviction, therefore, became final on January 3, 2022, once the 14-day period for filing an appeal expired. See Anjulo-Lopez v. United States, 541 F.3d 814, 816 n.2 (8th Cir. 2008)

- 3 -

(noting a conviction becomes final once the time to file a notice of appeal has expired). Any challenge under Section 2255, therefore, had to be made by January 2, 2023. The Defendant brought this claim on December 18, 2024, well outside the one-year limitations period.

## CONCLUSION

[¶7]   For the reasons set forth above, the Defendant's Motion to Reduce Sentence is **DENIED**.

[¶8]   **IT IS SO ORDERED.**

DATED February 27, 2025.

Daniel M. Traynor, District Judge
United States District Court